# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-999V
Filed: April 28, 2016
Not to be Published

```
*************************************
JAMES KUNTZELMAN and KRISTA          *
KUNTZELMAN, Individually and as      *
Parents and Natural Guardians of     *
E.K., a Minor,                       *
                                     *
            Petitioners,             *     Petitioners' motion for a decision
                                     *     dismissing their petition granted;
v.                                   *     measles, mumps, rubella vaccine;
                                     *     varicella vaccine; fever; epilepsy
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*************************************
```

Daniel J. Leeper, St. Petersburg, FL, for petitioners.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On October 16, 2014, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that measles, mumps, rubella ("MMR") vaccine and varicella vaccine administered on October 21, 2011 caused their daughter E.K. 103.8 degree fever, roseola, grand mal seizures, and epilepsy. See Pet. at ¶ ¶ 3, 4, 5. The onset interval between vaccinations and fever with seizure was 29 days. See Pet. at ¶ 4. On April 19,

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

2016, petitioners filed Exhibit 25, which is a typewritten portion of E.K.'s pediatrician Dr. Lisa Champoux-Rhoden's medical record dated November 18, 2011 showing that E.K. had a fever of 103.4 degrees rectally, was unable to lift her arms, and had a fine macular rash on her torso. Med. recs. Ex. 25, at 1.  Dr. Champoux-Rhoden diagnosed E.K. with roseola.  Id.   (The handwritten record is at Exhibit 2, page 65.)

On April 21, 2016, during a telephonic status conference, petitioners' counsel stated that E.K.'s pediatrician Dr. Champoux-Rhoden and her pediatric neurologist Dr. Ena Andrews would not support petitioners' allegations.  Petitioners' counsel said he would advise his clients to move to dismiss the case.

On April 28, 2016, during a telephonic status conference, petitioners' counsel said he had spoken to petitioners and told them that without supporting opinions of E.K.'s treating doctors, as well as the presence of roseola and the interval of 29 days since the vaccinations, he did not think there was any way that petitioners could prevail in this case.  Petitioners told their counsel they consented to his moving to dismiss.  Petitioners' counsel orally moved for a decision dismissing the petition.  The undersigned orally granted petitioners' motion for a decision dismissing their petition.

The undersigned grants petitioners' motion and **DISMISSES** this case for failure to make a prima facie case of causation in fact.

### DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

2

Petitioners must show not only that but for the MMR and varicella vaccinations, E.K. would not have had fever and seizures 29 days later in the context of roseola, but also that these vaccinations were a substantial factor in causing her fever and seizures 29 days later in the context of roseola.  <u>Shyface v. Sec'y of HHS</u>, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioners based on their claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1).  In the instant action, petitioners, although given the opportunity to do so, did not file an expert report, and E.K.'s medical records do not substantiate their allegations.  Moreover, E.K.'s treating doctors do not support petitioners' allegations.

The undersigned **GRANTS** petitioners' oral motion for a decision dismissing their petition and **DISMISSES** this case for petitioners' failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>April 28, 2016</u>                                                                    <u>s/ Laura D. Millman</u>
                                                                                                                Laura D. Millman
                                                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.