# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-999V
Filed: May 13, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES KUNTZELMAN and KRISTA KUNTZELMAN, Individually and as Parents and Natural Guardians of E.K., a Minor, | * * * * |
| Petitioners, | * * Attorneys' fees and costs decision; respondent does not object |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Daniel J. Leeper, St. Petersburg, FL, for petitioners.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On October 16, 2014, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that their daughter, E.K., suffered grand mal and febrile seizures, epilepsy, and related medical complications caused by the measles mumps and rubella ("MMR") vaccine she received on October 21, 2011.  Pet. at 1. On April 28, 2016, the undersigned issued a decision dismissing the case for failure to make a prima facie case of causation in fact.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On May 12, 2016, petitioners filed an Unopposed Motion for Attorneys' Fees and Costs. In their motion, petitioners explain that they incurred attorneys' costs of $1,060.91 and attorneys' fees of $14,640.00, for a total of $15,700.91.   However, in the "interest of judicial economy," petitioner's counsel has agreed to accept $12,000.00 in attorneys' fees and costs.  Fee App. at 2. In compliance with General Order #9, petitioners state that they incurred no out-of-pocket expenses.  Id. at 1.  On May 12, 2016, respondent's counsel confirmed that respondent has no objections to an award of $12,000.00 in attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."  Id.  Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total amount of $12,000.00**, as a lump sum in the form of a check payable jointly to petitioner and Leeper & Leeper.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 13, 2016                                                    s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.